IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAWN ARNDT, as the Administrator of the Estate of JOSHUA I. ARNDT, a Minor, Deceased, and SHAWN ARNDT, Individually in His Own Right,<br><br>Plaintiff,<br><br>v.<br><br>JOHNSON & JOHNSON, McNEIL-PPC, INC., JOHNSON & JOHNSON SALES AND LOGISTICS COMPANY, LLC, TOPS HOLDING CORPORATION, TOPS MARKETS, LLC, PETER B. LUTHER, ASHLEY A. MCEVOY, GARY BENEDICT, EDWIN K. KUFFNER, M.D., LORRAINE K. BAILER, WILLIAM C. WELDON, COLLEEN GOGGINS, ROSEMARY CRANE, INMAR, INC., CAROLINA SUPPLY CHAIN SERVICES, LLC, AND CAROLINA LOGISTICS SERVICES, LLC,<br><br>Defendants. | Case No. _____ |

## NOTICE OF REMOVAL

TO:     COURT OF COMMON PLEAS OF PHILADELPHIA
         Office of the Prothonotary
         First Judicial District of Pennsylvania
         Room 284 City Hall
         Philadelphia, PA 19107

         Thomas N. Sweeney, Esq.
         Joseph L. Messa, Jr., Esq.
         Irene M. McLafferty, Esq.
         MESSA & ASSOCIATES, P.C.
         123 South 22nd Street
         Philadelphia, PA 19103

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants Johnson & Johnson ("J&J"), Johnson & Johnson Sales and Logistics Company LLC ("JJSLC"), McNEIL-PPC, Inc. ("McNEIL-PPC"), William C. Weldon, Peter B. Luther, Edwin K. Kuffner, Colleen Goggins, Ashley A. McEvoy, Gary Benedict, Lorraine Bailer, Inmar, Inc. ("Inmar"), Carolina Supply Chain Services LLC ("Carolina Supply") and Carolina Logistics Services LLC ("Carolina Logistics"), subject to all of their defenses including Rule 12 defenses which are expressly reserved herein, remove this case from the Court of Common Pleas for the First Judicial District of Pennsylvania (Philadelphia County) to the United States District Court for the Eastern District of Pennsylvania, and give notice of that removal.[1] As grounds for that removal Defendants state:

1. Defendants were named in the following civil action in the Court of Common Pleas of Philadelphia County: *Arndt v. Johnson & Johnson, McNEIL-PPC, Inc., Johnson & Johnson Sales and Logistics Company LLC, Tops Holding Corporation, Tops Markets LLC, Peter B. Luther, Ashley A. McEvoy, Gary Benedict, Edwin K. Kuffner, M.D., Lorraine K. Bailer, William C. Weldon, Colleen Goggins, Rosemary Crane, Inmar, Inc., Carolina Supply Chain Services LLC, and Carolina Logistics Services LLC,* October Term 2012, No. 4156.

2. This is a product liability action filed by Plaintiff Shawn S. Arndt ("Plaintiff") as the Administrator of the Estate of Joshua I. Arndt, a deceased minor, and individually in his own right, for personal injuries alleged to have occurred on November 2, 2009.

3. The Complaint was filed on October 31, 2012.

---

[1] Weldon, Kuffner, McEvoy, Benedict and Bailer join in this Notice of Removal, but as explained below they were improperly joined and their citizenship must be disregarded for purposes of determining the existence of subject matter jurisdiction. *See* paragraphs 46-48, below. The citizenship of McNEIL-PPC, Inc. also must be disregarded because it has not been served as of the time of this removal. *See* paragraph 24, below.

2

4. The first service on any Defendant was service by certified mail on Inmar, Inc. on November 5, 2012. This Notice of Removal is timely filed within 30 days after that date. 28 U.S.C. § 1146(b).

5. True and correct copies of the state court record are attached hereto as Exhibit A.

**CITIZENSHIP OF THE PARTIES; DIVERSITY JURISDICTION**

6. This civil lawsuit is a controversy between citizens of different states. There is complete diversity of citizenship and therefore subject matter jurisdiction in this case because the only non-diverse Defendants are Tops Holding Corporation and Tops Markets LLC, and those Defendants were improperly joined. Therefore their citizenship must be disregarded for purposes of determining subject matter jurisdiction. In addition, the Defendants that are citizens of the state in which the action was filed (the "forum defendants") either were improperly joined, or have not been served, or both, and as a result their citizenship also must be disregarded for purposes of determining subject matter jurisdiction. The amount in controversy requirement for subject matter jurisdiction is satisfied. There is, therefore, no impediment to removal of this action to this Court.

7. Plaintiff alleges that he is a citizen of the State of New York and that he was appointed Administrator of the Estate of Joshua Ivan Arndt by the Surrogate's Court of the State of New York for Niagara County. Ex. A, Compl. at ¶ 32.

8. J&J is a corporation organized under the laws of the State of New Jersey with its principal place of business at One Johnson & Johnson Plaza, New Brunswick, New Jersey. J&J is therefore a citizen of the State of New Jersey for purposes of determining subject matter jurisdiction.

3

9.  McNEIL-PPC is a corporation organized under the laws of the State of New Jersey. The Complaint incorrectly alleges that McNEIL-PPC has its principal place of business in Fort Washington, Pennsylvania, and that it is a citizen of Pennsylvania. Compl. at ¶ 34. McNEIL-PPC's principal place of business is located at 199 Grandview Road, Skillman, New Jersey. As such it is a citizen of New Jersey only for purposes of determining subject matter jurisdiction. *See Moore v. Johnson & Johnson*, No. 12- cv-490, 2012 U.S. Dist. LEXIS 156479, at *18-34 (E.D. Pa. Nov. 1, 2012).

10. JJSLC is a New Jersey limited liability company. Its sole member is Johnson & Johnson Consumer Companies, Inc., which is a New Jersey corporation with its principal place of business at 199 Grandview Road, Skillman, New Jersey. JJSLC is therefore a citizen of New Jersey for purposes of determining subject matter jurisdiction.

11. Plaintiff alleges that Tops Holding Corporation and Tops Markets LLC are corporations or other jural entities organized and existing under the laws of the State of Delaware with their principal places of business at 6363 Main Street, Williamsville, New York. Compl. at ¶¶ 36-37. Tops Markets LLC is a New York limited liability company, the sole member of which is Tops Holding Corporation. As discussed in paragraphs 25-45, below, these Defendants were improperly joined and their citizenship must be disregarded for purposes of determining subject matter jurisdiction.

12. Peter B. Luther is a citizen of the State of New Jersey.

13. Ashley A. McEvoy, Gary Benedict, Edwin K. Kuffner, M.D., Lorraine K. Bailer, William C. Weldon and Rosemary Crane are citizens of the Commonwealth of Pennsylvania. As discussed in paragraphs 46-48, below, these Defendants were improperly joined and their

citizenship must be disregarded for purposes of applying the "forum defendant" rule in 28 U.S.C. § 1441(b).

14. Colleen Goggins is a citizen of the State of New Jersey.

15. Inmar is a corporation organized under the laws of the State of North Carolina with its principal place of business in North Carolina. It is therefore a citizen of North Carolina for purposes of determining subject matter jurisdiction. Compl. at ¶ 46.

16. Carolina Supply is a North Carolina limited liability company, the sole member of which is Carolina Logistics. Carolina Logistics is a North Carolina limited liability company, the sole member of which is Inmar. Their principal places of business are located in North Carolina. Because Inmar is a citizen of North Carolina, Carolina Supply and Carolina Logistics are also citizens of North Carolina for purposes of determining subject matter jurisdiction.

## AMOUNT IN CONTROVERSY

17. The Complaint does not specify the dollar amount of amount of damages that Plaintiff seeks and under Pennsylvania law it cannot claim a specific sum in unliquidated damages. Pa. R.Civ. P. 1021(b). Plaintiff states that he seeks "a sum which will fairly compensate him, together with interest, costs, attorney's fees, and any other relief deemed appropriate by the Court." Compl. at pp. 32, 34, 36, 38, 41, 43, 46, 50, 54, 57, 60, 63, 64, 66, 68, 69-70, 72, 74, 76. Plaintiff also seeks punitive damages. *See* Compl. at ¶¶ 335, 344-352 and p. 76. A reasonable reading of the value of the rights being litigated confirms that Plaintiff seeks an amount in excess of $75,000, exclusive of interest and costs, and the amount in controversy requirement in 28 U.S.C. § 1332 therefore is satisfied.

18. Plaintiff alleges, among other things, that Defendants' "willful and reckless conduct [ ] needlessly caused the death of his four year-old son, Joshua Arndt ...." Compl. at ¶ 1.

Plaintiff asserts 19 causes of action against 16 named defendants. Compl. at ¶¶ 32-48, 160-352. H seeks damages for physical pain and suffering of Joshua Arndt; his loss of enjoyment of life and life's pleasures; his loss of earnings; his medical expenses; all injuries and damages as set forth in Joshua Arndt's medical records; "conscious pain and suffering, and death"; severe injuries; personal, physical and mental injuries to Plaintiff Shawn Arndt; "severe mental psychological and physical distress" and emotional anguish to Shawn Arndt; medical bills incurred by Shawn Arndt; losses associated with Shawn Arndt's inability to attend "to his usual and customary activities, duties, [and] occupations"; and punitive damages. *See* Compl. at ¶¶ 170, 193, 202, 211, 222, 234, 246, 257, 268, 281, 289, 297, 306-310, 335, 344, 345-352.

19. These demands establish that the requisite amount is in controversy. Pursuant to 28 U.S.C. § 1446(c)(2)(B), the amount in controversy requirement is met if the court finds by a preponderance of the evidence that the amount exceeds $75,000. The "defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." H.R. Rep. No. 112-10, at 16 (2011), *reprinted in* 2011 U.S.C.C.A.N. 576, 579. *See also, e.g., Vinski v. State Farm Mut. Auto. Ins. Co.*, No. 11-1326, 2012 WL 75328, at *1 (W.D. Pa. Jan. 10, 2012) (applying Third Circuit test for determining whether amount in controversy requirement is met, and holding that once the jurisdictional amount is asserted the burden shifts to the other party to prove as a legal certainty that the amount in controversy cannot exceed the threshold, and that where plaintiff did not place an "upper limit" on damages and also sought punitive damages plaintiff did not prove that and the jurisdictional requirement was met).

## BASIS FOR REMOVAL

20. As of the filing of this Notice of Removal, the docket in the Court of Common Pleas of Philadelphia County showed that service had been made upon J&J, JJSLC, Inmar, Carolina Logistics, Carolina Supply, Weldon, Luther, Kuffner, Goggins and McEvoy. *See* Exhibit B.

21. No properly joined and served Defendant is a citizen of Pennsylvania, the forum state. *See* paragraphs 24, 46-48, below.

22. All properly joined Defendants are diverse in citizenship from Plaintiff. The only non-diverse Defendants were improperly joined. *See* paragraphs 25-45, below.

### *McNEIL-PPC*

23. Plaintiff alleges that McNEIL-PPC is a citizen of Pennsylvania, the state in which the action was filed. Compl. at ¶ 34. It is not. As explained in *Moore,* 2012 U.S. Dist. LEXIS 156479, at *18-34, McNEIL-PPC's principal place of business is in New Jersey, under the controlling rule adopted by the Supreme Court in *Hertz Corp. v. Friend,* 130 S. Ct. 1181 (2010). McNeil-PPC is incorporated in New Jersey. McNEIL-PPC therefore is a citizen of New Jersey only for purposes of determining subject matter jurisdiction and is not a "forum defendant" precluded from removing this action to this Court by 28 U.S.C. § 1441(b)(2).

24. Furthermore, as of the date of this removal McNEIL-PPC has not been served. Under the plain language of the relevant statute the citizenship of even a properly joined forum defendant does not preclude removal if that defendant has not been served. *See, e.g., Boyer v. Wyeth Pharms., Inc.,* No. 12-739, 2012 U.S. Dist. LEXIS 58751, at *7 (E.D. Pa. Apr. 25, 2012); *Banks v. Kmart Corp.,* No. 12-607, 2012 WL 707025, at *2 (E.D. Pa., Mar. 6, 2012) ("[u]nder the unambiguous language of § 1441(b), the presence of an un-served forum defendant does not

prohibit removal by a non-forum defendant in cases where complete diversity exists"); *Copley v. Wyeth,* No. 09-722, 2009 WL 1089663, at *3 (E.D. Pa., Apr. 22, 2009) (denying remand where out-of-state defendant removed action before forum defendant had been served) (citing *Avandia Marketing Sales Prac. & Prods. Liab. Litig.,* 624 F. Supp. 2d 396 (E.D. Pa. 2009)); *Vanderwerf v. GlaxoSmithKline, PLC,* No. 05-1315, 2005 WL 6151369, at *1 (E.D. Pa. May 5, 2005) ("the presence of an unserved defendant with residence in the forum state does not defeat removal where there is complete diversity of citizenship"). *Accord McCall v. Scott,* 239 F.3d 808, 813 n.2 (6th Cir. 2001) ("[w]here there is complete diversity of citizenship . . . the inclusion of an unserved resident defendant in the action does not defeat removal under 28 U.S.C. § 1441(b)"); *Ripley v. EON Labs, Inc.,* 622 F. Supp. 2d 137, 139-142 (D.N.J. 2007); *Bivins v. Novartis Pharm. Corp.,* No. 09-1087, 2009 WL 2496518 (D.N.J. Aug. 10, 2009); *Yocham v. Novartis Pharm. Corp.,* No. 07-1810, 2007 WL 2318493 (D.N.J. Aug. 13, 2007); *Frick v. Novartis Pharm. Corp.,* No. Civ. 05-5429, 2006 WL 454360 (D.N.J. Feb. 23, 2006).

### The Tops Defendants

25. Defendants Tops Holding Corporation and Tops Markets LLC (the "Tops Defendants") are not diverse from Plaintiff, but their citizenship must be disregarded for purposes of determining subject matter jurisdiction because they were improperly joined. Plaintiff asserts no colorable claim against these entities, has no reasonable basis in fact for any claim against them, and has no colorable ground to prosecute the action against them or to seek a joint judgment against these entities.[2]

---

[2] The Complaint fails to assert any factual or legal basis for the claims asserted against Tops Holding Corporation, as it is only the parent of the company that operated the store in question. *See, e.g., Fletcher v. Atex, Inc.,* 68 F.3d 1451, 1466 (2d Cir. 1995) (no basis to hold parent corporation liable where it had no involvement with chain of distribution of the product).

26. Plaintiff alleges that on November 2, 2009, he "drove to his local Tops store in the middle of the night and purchased one bottle of Infants' Tylenol, Lot ALM307, Exp. 08/11, 7843738, NDC#50580-144-01." Compl. at ¶¶ 23-24. Plaintiff further alleges that the Tops Defendants defectively "sold" the Infants' Tylenol in question (*id.* at ¶¶ 162, 173) and "placed into the stream of commerce defective, contaminated and impure Infants' Tylenol" (*id.* at ¶163). The crux of Plaintiff's claim is that "[t]he Infants' Tylenol contained chemical ingredients and impurities which made it toxic and/or more likely to cause adverse reactions, including death" and that these alleged defects were concealed from the public by J&J, McNEIL-PPC and certain executives of those entities. *Id.* at ¶¶ 17, 164. Based on these allegations Plaintiff purports to assert against the Tops Defendants causes of action for strict products liability, recklessness, negligence, express and implied warranty, negligent infliction of emotional distress, consumer protection violations, civil conspiracy, and punitive damages. *See* Compl. Counts I-IV, XIII-XVII and XIX.

27. The Complaint presents no colorable claim against the Tops Defendants because: (1) Plaintiff's personal injury claims against the Tops Defendants, on theories of strict liability, recklessness, negligence and negligent infliction of emotional distress, are barred by limitations; (2) under New York law a retailer cannot be held liable for breach of warranty and/or negligence for injuries sustained from defects in a sealed product where the alleged danger could not have been discovered by the retailer; (3) Plaintiff fails to allege any express warranty given by the Tops Defendants; (4) Plaintiff fails to allege any specific and materially misleading conduct by the Tops Defendants that could be actionable under New York's consumer protection law; and (5) neither civil conspiracy nor punitive damages are recognized as independent torts, so neither

can, in itself, support a finding that Plaintiff has asserted a colorable claim against the Tops Defendants.

*Claims Barred by Limitations*

28. Plaintiff's causes of action for personal injury are barred by limitations. Where it appears from the record that claims against a party whose presence would destroy diversity are barred by limitations, that party is improperly joined and the Court should disregard its citizenship for purposes of determining the existence of jurisdiction. *In re Briscoe,* 448 F.3d 201 (3d Cir. 2006).

29. Because Plaintiff's cause of action arose in New York but he chose to file in Pennsylvania, the shorter of Pennsylvania's or New York's limitations periods apply to these claims. 42 PA. CONS. STAT. § 5521(b); *Hamid v. Stock & Grimes, LLP,* No. 11-2349, 2011 WL 3803792, at *2 (E.D. Pa. Aug. 26, 2011) (citing *Unisys v. U.S. Vision,* 630 A.2d 55, 57-58 (Pa. Super. Ct. 1993)).

30. Pennsylvania's statute of limitations for personal injury claims is two years. 42 PA. CONS. STAT. § 5524(2). New York's limitations period for personal injury claims is three years, N.Y.C.P.L.R. § 214, and its limitations period for wrongful death actions is two years, N.Y.E.P.T.L. § 5-4.1. The personal injury (survival) and wrongful death claims therefore are subject to two-year limitations periods.

31. Plaintiff alleges he purchased and administered the Infants' Tylenol on the evening of November 2, 2009, Compl. at ¶¶ 23-26, and that "[w]ithin minutes . . . Joshua [ ] became unresponsive and blood began oozing from his nose and mouth," *id.* at ¶¶ 25-26. Plaintiff alleges that paramedics rushed Joshua to St. Mary's Hospital in Lewiston, New York, where he was pronounced dead. *Id.* at ¶ 27.

10

32.     "Generally, a statute of limitations period begins to run when a cause of action accrues; *i.e.*, when an injury is inflicted and the corresponding right to institute a suit for damages arises." *Matharu v. Muir*, 29 A.3d 375, 381 (Pa. Super. Ct. 2011) (further citation omitted). "An action is time-barred when the plaintiff becomes aware of the injury within the statutory period, but fails to timely file suit." *Id.* at 381 (citing *Pocono Int'l Raceway, Inc. v. Pocono Produce, Inc.*, 468 A.2d 468, 471 (Pa. 1989)). Plaintiff is under a duty to use reasonable diligence to learn the relevant facts and institute suit within the prescribed period. *Id.* When reasonable minds cannot differ, commencement of the limitations period may be determined as a matter of law. *Cochran v. GAF Corp.*, 666 A.2d 245, 248 (Pa. 1995).

33.     Plaintiff's claim against the Tops Defendants accrued on November 2, 2009. The Complaint was filed on October 31, 2012, almost three years after the cause of action accrued. The claims against the Tops Defendants therefore are time-barred.

34.     The discovery rule cannot be invoked to extend the limitations period for several reasons. First, Plaintiff was required to but did not "invoke the discovery rule in his pleading[s]." *Coyne v. Porter-Hayden Co.*, 428 A.2d 208, 210-11 (Pa. Super. Ct. 1981) (citing *Schaffer v. Larzelere*, 189 A.2d 267 (Pa. 1963); *Pulio v. Broad Street Hospital*, 407 A.2d 394 (Pa. Super. Ct. 1979)).

35.     Second, the discovery rule does not apply to wrongful death and survival actions. *See Krapf v. St. Luke's Hospital*, 4 A.3d 642, 649-50 (Pa. Super. Ct. 2010), *appeal denied*, 34 A.3d 831 (Pa. 2011).

36.     Third, Plaintiff's own allegations establish that he was on notice of the injury and the potential claim on November 2, 2009. According to his allegations, on that date the Infants'

Tylenol was administered to the decedent and the decedent almost immediately experienced a highly unexpected and extremely adverse reaction.

37.     Plaintiff also has not pleaded any fraudulent concealment by the Tops Defendants that could toll the limitations period. In order to toll limitations under the "fraudulent concealment" exception Plaintiff "must show [that] in addition to committing the wrong for which she is suing, defendant did or said something amounting to concealment." *Wilbourn v. SmithKline Beecham Corp.*, No. 03536, 2011 Phila. Ct. Com. Pl. LEXIS 351, at *4-5 (Ct. Com. Pl. Phila. Cnty. Dec. 2, 2011) (citing *Nestle USA. Inc. v. Wachovia Bank, N.A.*, No. 01026, 2007 Phila. Ct. Com. Pl. LEXIS 293, at *5-6 (Ct. Com. Pl. Phila. Cnty. Oct. 5, 2007)); *Baselice v. Friars Assumption BVM Province*, 879 A.2d 270 (Pa. Super. Ct. 2005); *Gravinese v. Johns-Manville Corp.*, 471 A.2d 1233, 1238 (Pa. Super. Ct. 1984). "[D]efendant must have committed some affirmative *independent* act of concealment upon which the plaintiff justifiably relied." *Baselice*, 879 A.2d at 278 (further citation omitted) (emphasis added); *see also Zafarana v. Pfizer Inc.*, 724 F. Supp. 2d 545, 554 (E.D. Pa. 2010) ("Plaintiffs do not point to any separate act of fraud done by Defendants to conceal the injury, and cannot rely on fraudulent concealment to toll the statute of limitations"). Plaintiff does not allege any affirmative and independent act of concealment by the Tops Defendants.

*Absence of Colorable Claim for Negligence or Breach of Warranty*

38.     There is no colorable claim for negligence or breach of warranty against the Tops Defendants. Under New York law, "a retailer 'cannot be held liable [for negligence or breach of warranty] for injuries sustained from the contents of a sealed product even though a test might have disclosed a potential danger' because '[t]here [i]s no obligation upon it to make such a

12

test.'" *Porrazzo v. Bumble Bee Foods, LLC*, 822 F. Supp. 2d 406, 422 (S.D.N.Y. 2011) (quoting *Brownstone v. Times Square Stage Lighting Co.*, 333 N.Y.S.2d 781, 782 (App. Div. 1972)).

39. Plaintiff specifically alleges that McNEIL-PPC and the Contractor Defendants *concealed* the alleged "defects, hazards and dangers in Children's and Infants' Tylenol." Compl. ¶ 337. Plaintiff does not allege any facts suggesting that the Tops Defendants had or could have had knowledge of the alleged defects, hazards or dangers. The Tops Defendants therefore could not have discovered the alleged contamination by mere inspection. They also were under no duty to test the sealed product and indeed could not have done so because unsealing the container in order to test the medication would have rendered it unsellable. Plaintiff therefore fails to state any colorable claim for breach of warranty or negligence against the Tops Defendants. *See Cosgrove v. Delves' Estate*, 315 N.Y.S.2d 369, 371 (App. Div. 1970) (dismissing claim for breach of warranty against retailer because the "evidence established that she could not have discovered any danger by mere inspection [and s]he was not obligated under these circumstances to ... test" the product); *see also Alfieri v. Cabot Corp.*, 235 N.Y.S.2d 753, 757 (App. Div. 1962), *aff'd*, 245 N.Y.S.2d 600 (N.Y. 1963) (retail seller was not liable "even though it might have discovered the dangerous character ... by a test [because t]here was no obligation upon it to make such test").

40. Plaintiff fails to state a colorable claim for breach of express warranty against the Tops Defendants because he has not alleged any express warranty given by them. Plaintiff states in conclusory fashion, with no specific reference to the Tops Defendants, that "Defendants made express warranties as to the drug's safety and efficacy ...." *See* Compl. at ¶ 284. But "[i]n order to adequately plead a claim for breach of express warranty the plaintiff must allege where, when or how the alleged promise or statement was provided," and the "failure to allege any specific

words, promises or statements made by [the defendants] that would create an express warranty is fatal to the claim." *Fisher v. APP Pharm., LLC*, 783 F. Supp. 2d 424, 431-32 (S.D.N.Y. 2011).

41. There is no allegation in the complaint of any specific words, promises or statements amounting to an express warranty. Whether the complaint states a colorable claim is determined by assessing whether a state court judge might conclude that a legally sufficient claim is stated. *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992). The state court judge making that determination in this case would consider the complaint as filed by the Plaintiff, *id.*, applying Pennsylvania's fact-pleading rules which required Plaintiff to allege the specific facts that state a valid cause of action. "Under the Pennsylvania system of fact pleading, the pleader must define the issues … [and] every act or performance essential to that end must be set forth in the complaint." *Miketic v. Baron*, 675 A.2d 324, 330 (Pa. Super. Ct. 1999). Therefore there must be specific allegations of the material facts, including the facts relating to the specific express warranty allegedly given. No such facts are alleged here.

*Absence of Colorable Claim Under Consumer Protection Statute*

42. Plaintiff states no colorable claim against the Tops Defendants based on New York's consumer protection statute. That claim is comprised entirely of conclusory allegations lodged against all Defendants and is devoid of any specific facts suggesting any misleading act or omission by the Tops Defendants. And the complaint alleges no facts suggesting that the Tops Defendants had any knowledge of the allegedly defective products that could make any omission regarding them deceptive. *See* paragraph 38, above. The conclusory allegations of a statutory violation do not comprise a colorable claim. *See, e.g., Pelman v. McDonald's Corp.*, 237 F. Supp. 2d 512, 522 (S.D.N.Y. 2003) (defendant was fraudulently joined where there was "no allegation of any specific advertisements or public statements arising from" that defendant

14

and "no allegation that" it "had in its possession any particular knowledge that consumers did not have that would require it to promulgate information about the nutritional contents of the products"). Moreover, many of these conclusory allegations, though purportedly made against all Defendants, cannot possibly be true of the Tops Defendants and can only be relevant to the manufacturer, not the retailer. *See, e.g.,* Compl. at ¶ 313 (allegations relating to design, manufacture and testing of the product). These blanket assertions are insufficient under Pennsylvania's fact-pleading requirement and fail to state a colorable claim for a consumer protection act violation by the Tops Defendants. *See In re Rezulin Prods. Liab. Litig.,* 168 F. Supp. 2d 136, 140 & n.10 (S.D.N.Y. 2001) (denying remand where "plaintiffs make no specific allegations against [the nondiverse defendant] at all, instead attribut[ing] wrongdoing to the collective 'defendants'"); *In re Rezulin Prods. Liab. Litig.,* 133 F. Supp. 2d 272, 291 (S.D.N.Y. 2001) ("Plaintiffs there make no allegations specifically against the defendant pharmacies, but instead lump them together with the manufacturers and attribute the acts alleged – failure to warn, breach of warranty, and fraud – to the 'defendants' generally").

*Absence of Colorable Claim for Negligence or Recklessness*

43.    Plaintiff also fails to state colorable claims for negligence or recklessness by the Tops Defendants because, like the consumer protection act claim, these claims are comprised entirely of conclusory allegations lodged against all "Defendants," devoid of any specific facts about the Tops Defendants. *See, e.g.,* Compl. at ¶¶ 184-189. Again many of these conclusory allegations, though purportedly asserted against all Defendants, cannot be directed to the Tops Defendants because by their very nature they can only be relevant to the manufacturer, not the retailer. *See e.g.,* Compl. at ¶ 191 (asserting that Defendants "had a duty to use reasonable care in designing, manufacturing, testing, labeling [and] packaging"); *id.* at ¶ 192(a)-(q). These

15

blanket assertions are insufficient under Pennsylvania's fact-pleading requirement and fail to state a colorable claim for negligence or recklessness by the Tops Defendants. *See Rezulin Products Litigation,* 168 F. Supp. 2d at 140 & n.10; *Rezulin Products Litigation,* 133 F. Supp. 2d at 291; *Cosgrove,* 315 N.Y.S.2d at 371; *Alfieri,* 235 N.Y.S.2d at 757.

*No Colorable Claim Based on Civil Conspiracy or Punitive Damages*

44. Plaintiff states no colorable claim against the Tops Defendants based on the inclusion of causes of action for civil conspiracy or punitive damages. New York does not recognize "civil conspiracy" as an independent tort. *See Raymond Corp. v. Coopers & Lybrand,* 482 N.Y.S.2d 377, 379 (App. Div. 1984) ("In New York, there is no substantive tort of conspiracy in and of itself."); *Ressis v. Herman,* 505 N.Y.S.2d 266, 268 (App. Div. 1986). Because Plaintiff has not pleaded specific wrongful acts by the Tops Defendants which could constitute an independent tort he fails to state any colorable claim for civil conspiracy against them. *See Raymond Corp.,* 482 N.Y.S.2d at 379.

45. The punitive damages claim fails to support a colorable claim against the Tops Defendants for the same reason. *See Nocella v. Fort Dearborn Life Ins. Co. of New York,* -N.Y.S.2d,99 A.D.3d 872, 2012 WL 4901086, at * 4 (App. Div. Oct 17, 2012) (New York does not recognize an independent cause of action for punitive damages).

***Pennsylvania Defendants***

46. Defendants William C. Weldon (former Chairman and CEO of J&J); Ashley A. McEvoy (former President of McNeil Consumer Healthcare Division of McNEIL-PPC); Gary Benedict (Vice-President Sales Strategy at J&J Consumer Products Company and Vice-President of Sales/National Sales Director at McNeil Consumer Healthcare Division of McNEIL-PPC); Edwin K. Kuffner, M.D. (Senior Medical Director, Medical Affairs, McNeil Consumer

16

Healthcare); Lorraine K. Bailer (Supply Chain Director, McNeil Consumer & Specialty Pharmaceuticals); and Rosemary Crane (former J&J Company Group Chairman of over-the-counter nutritionals), are all citizens of Pennsylvania. All were improperly joined because there is no colorable claim against them. Plaintiffs have no reasonable basis in fact supporting the claims against these Pennsylvania defendants or any colorable ground to prosecute this action or seek a joint judgment against them.

47. The Complaint fails to allege facts stating a colorable claim for personal liability against any of these Defendants. Most of the allegations against these individuals are conclusory and do not allege any of the specific facts required by Pennsylvania's fact-pleading rules. To the extent there are allegations of fact relating to those individuals, they allege at most only nonfeasance, that is a failure to act to protect the plaintiffs or prevent injury, rather than misfeasance, that is active and personal participation in tortious conduct causing injury to the plaintiffs. *See Moore*, 2012 U.S. Dist. LEXIS 156479 at *37-43 (finding Weldon and Crane to be fraudulently joined in similar action); *Shay v. Flight C Helicopter Servs., Inc.*, 822 A.2d 1, 19-20 (Pa. Super. 2003); *Bank of Landisburg v. Burruss*, 524 A.2d 896, 901 (Pa. Super. Ct. 1987); *Kaites v. Commonwealth of Pennsylvania, Dept. of Envtl. Res.*, 529 A.2d 1148, 1151-52 (Pa. Commw. Ct. 1987); *Chester-Cambridge Bank & Trust Co. v. Rhodes,* 31 A.2d 128, 131 (Pa. 1943). Because these Defendants were not properly joined their citizenship must be disregarded for purposes of the "forum defendant rule" in 28 U.S.C. § 1441(b)(2).

48. Furthermore, Benedict, Bailer and Crane have not been served and for this reason as well their citizenship must be disregarded in determining the existence or absence of subject matter jurisdiction. *See* paragraph 24, above.

**CONSENT TO REMOVAL; SERVICE OF NOTICE**

49. All Defendants properly joined and served have consented to this removal. *See* Ex. C (consent from additional defendants).

50. In accordance with 28 U.S.C. § 1446(d), all adverse parties are being provided with this written Notice of Removal, and a copy of this Notice of Removal is being filed with the Prothonotary of Philadelphia County.

Based on the foregoing, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 and removal of this action from the Court of Common Pleas of Philadelphia County to this Court is proper under 28 U.S.C. §§ 1441 and 1446.

November 27, 2012

/s/ David F. Abernethy
David F. Abernethy
PA Attorney No. 36666
Melissa A. Graff
PA Attorney No. 90363
Meredith Reinhardt
PA Attorney No. 93504
DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
(215) 988-2700

Attorneys for Defendants Johnson & Johnson, McNEIL-PPC, Inc., Johnson & Johnson Sales & Logistics Company LLC, William C. Weldon, Peter B. Luther, Edwin K. Kuffner, M.D., Colleen Goggins, Ashley A. McEvoy, Gary Benedict and Lorraine Bailer

OF COUNSEL:

Christy D. Jones
Michael B. Hewes
Butler, Snow, O'Mara, Stevens & Cannada, PLLC
1020 Highland Colony Parkway, Suite 1400
Ridgeland, MS 39157

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of November, 2012, a true and correct copy of the foregoing was sent by electronic and first class mail addressed as follows:

Joseph L. Messa, Jr., Esq.
Irene M. McLafferty, Esq.
Thomas N. Sweeney, Esq.
Messa & Associates, P.C.
123 South 22nd Street
Philadelphia, PA 19103

Inmar, Inc.,
Carolina Logistics Services, LLC, &
Carolina Supply Chain Services, LLC
c/o David Newmann & Stephen A. Loney
Hogan Lovells US LLP
1835 Market Street, 29th Floor
Philadelphia, PA 19103

_____
Meredith Reinhardt